IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>    v.<br><br>KIPP DC SUPPORTING CORPORATION d/b/a KIPP DC – SHAW QALICB, INC., d/b/a KIPP DC – DOUGLAS QALICB,<br><br>KIPP DC PUBLIC CHARTER SCHOOLS,<br><br>    and<br><br>SHANIQUE PEREZ,<br><br>         Defendants. | Case No. 1:24-cv-03135-ACR |

### MASSACHUSETTS BAY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT KIPP DC PUBLIC CHARTER SCHOOLS' COUNTERCLAIM

  Plaintiff Massachusetts Bay Insurance Company ("MBIC") submits its Answer and Affirmative Defenses to the Counterclaim of KIPP DC Public Charter Schools ("KIPP DC") as follows:

### PARTIES

  1.  Counterclaimant KIPP DC is a not-for-profit public charter school authorized to conduct business in the District of Columbia.  KIPP DC maintains its principal place of business at 2600 Virginia Avenue NW, Suite 900, Washington, D.C., 20037.

**ANSWER:**  Upon information and belief, MBIC admits the allegations in paragraph 1.

2. Counter-defendant MBIC is an insurance company organized under the laws of the state of New Hampshire, with its principal place of business in Worcester, Massachusetts.

**ANSWER:** **MBIC admits the allegations in paragraph 2.**

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, because an actual and justiciable controversy exists between the parties. This Court also has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) because there is complete diversity among the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:** **MBIC admits the allegations in paragraph 3.**

4. Venue is proper in this judicial district for this Counterclaim.

**ANSWER:** **MBIC admits the allegations in paragraph 4.**

## STATEMENT OF FACTS

*The Policy*

5. Package Policy No. ZD3 D303270 00, effective from July 1, 2017, through July 1, 2018, issued by MBIC to KIPP DC (the "Policy"), includes a School and Educators Legal Liability Coverage Part that provides primary coverage for an "Educators Wrongful Act." [ECF 1-1 at Declarations, School and Educators Legal Liability Coverage Part.] Under that Coverage Part, MBIC promised to "pay, on behalf of the insured, those sums, which the insured becomes legally obligated to pay as 'loss' due to a 'claim' arising out of an 'educators wrongful act' …." SECTION I COVERAGES – 1.a., Coverage A – Educators Liability. An "Educators Wrongful Act" includes "any actual or alleged negligent act, error or omission" by an insured "[w]hile acting within the course and scope of his or her duties for [KIPP DC]" that is "inherent to" running an educational

institution. SECTION VI – DEFINITIONS, 9.  The non-exclusive list of examples of covered "educators wrongful acts" includes "discrimination resulting in a violation of Title IX of the Education Amendments of 1972 or similar federal or state laws." *Id.* at a.(10).

**ANSWER:** **MBIC admits that it issued Policy No. ZD3 D303270 00 (the "Primary Policy") to KIPP DC and that paragraph 5 purports to quote, characterize and/or paraphrase the Primary Policy, which speaks for itself.  MBIC denies all allegations in paragraph 5 which inaccurately or incompletely quote, characterize and/or paraphrase the Primary Policy.**

6. The definition of "claim" includes a "suit" for an "Educators Wrongful Act." *Id.* at 4.b. & 21.  "'Loss' means a compensatory monetary award, settlement or judgment that the Insured is legally obligated to pay, including costs and attorney's fees awarded pursuant to a judgment." *Id.* at 14.

**ANSWER:** **MBIC admits that paragraph 6 purports to quote, characterize and/or paraphrase the Primary Policy, which speaks for itself.  MBIC denies all allegations in paragraph 6 which inaccurately or incompletely quote, characterize and/or paraphrase the Primary Policy.**

7. The Policy excludes claims related to "abuse or molestation"; however, the exclusion "does not apply to the extent the 'loss' arises out of a 'civil rights claim.'" SECTION 1 – COVERAGES, 4.c. ("the Civil Rights Claim Exception").  A "civil rights claim" is defined as a "'claim' by a past, current or accepted student … seeking 'loss' for discrimination resulting in a violation of Title IX … or similar federal or state laws, or for other education-related due process granted under federal or state laws." SECTION VI – DEFINITIONS, 3.  This definition mirrors the definition of an "educators wrongful act" included in the coverage grant.

**ANSWER:** **MBIC admits that paragraph 7 purports to quote, characterize and/or paraphrase the Primary Policy, which speaks for itself. MBIC denies all allegations in paragraph 7 which inaccurately or incompletely quote, characterize and/or paraphrase the Primary Policy.**

8. Coverage under Commercial Follow Form Excess and Umbrella Policy No. UH3 D303271 00 (the "Excess Policy") [ECF 1-2] becomes available when the limits of the Policy are exhausted by payments related to covered claims.

**ANSWER:** **MBIC admits that paragraph 8 purports to paraphrase and/or characterize Policy No. UH3 D303271 00 (the "Excess and Umbrella Policy"), which speaks for itself. MBIC denies all allegations in paragraph 8 which inaccurately or incompletely paraphrase and/or characterize the Excess and Umbrella Policy.**

*Perez's Claims*

9. On February 2, 2018, former KIPP DC student Shanique Perez (then as Jane Doe) filed suit against KIPP DC (and others) in this Court (case no. 1:18-cv-00260-RC), alleging failures to protect her from sexual abuse by a teacher, Alan Coleman, in violation of her civil rights, and other claims ("Perez's Claims"). [ECF 1-3]

**ANSWER:** **MBIC admits that Shanique Perez (then as Jane Doe) filed suit on or around February 2, 2018 against KIPP DC (and others) in this Court (the "2018 Lawsuit"), which speaks for itself. MBIC denies any allegations in paragraph 9 which inaccurately or incompletely paraphrase and/or characterize the filings in the 2018 Lawsuit.**

10. By letter dated July 6, 2018, MBIC agreed to defend KIPP DC under the School and Educators Legal Liability Coverage Part of the Policy.

**ANSWER:** **MBIC admits that, on July 6, 2018, MBIC issued a letter to KIPP DC, which speaks for itself.  MBIC denies all allegations in paragraph 10 which inaccurately or incompletely paraphrase and/or characterize the July 6, 2018 letter.**

11. On January 19, 2019, the Court dismissed the case, finding that each of Perez's Claims was barred by the applicable statute of limitations.

**ANSWER:** **MBIC admits that, on or around January 19, 2019, the Court issued an order dismissing the 2018 Lawsuit, which speaks for itself.  MBIC denies any allegations in paragraph 11 which inaccurately or incompletely paraphrase and/or characterize this order.**

12. The Council of the District of Columbia subsequently amended the statute of limitations for claims related to sexual abuse and created a revival period. D.C. Law 22-311 § 3 & § 5(a)(2).

**ANSWER:** **Upon information and belief, MBIC admits the allegations in paragraph 12.**

13. On April 6, 2021, Perez filed a substantially similar lawsuit in this Court (no. 1:21-cv-00929). [ECF-4] MBIC continued to defend KIPP DC, including through another dismissal by the Court, an appeal before the D.C. Circuit (no. 22-7021), and after a remand to this Court.

**ANSWER:** **MBIC admits that, on or around April 2021, Shanique Perez filed a substantially similar lawsuit in this Court (the "2021 Lawsuit"), which speaks for itself, and that MBIC defended KIPP DC until August 30, 2024.  MBIC denies any allegations in paragraph 13 which inaccurately or incompletely paraphrase and/or characterize the filings in the 2021 Lawsuit.**

14. On July 25, 2024, the Court granted KIPP DC's motion to dismiss in part, including dismissal of Perez's claim under Title IX, and granted Perez leave to amend. [ECF 1-5]

**ANSWER:** **MBIC admits the allegations in paragraph 14.**

15. The July 25 dismissal is a non-final, interlocutory order that is subject to reversal. There has been no final resolution of the covered claims in the underlying lawsuit.

**ANSWER:** **Paragraph 15 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC admits that paragraph 15 purports to paraphrase and/or characterize a July 25, 2024 Court order entered in the 2021 Lawsuit, which speaks for itself. MBIC denies any allegations in paragraph 15 which inaccurately or incompletely paraphrase and/or characterize this order.**

16. Perez filed her First Amended Complaint on July 31, 2024. The First Amended Complaint alleges that KIPP DC violated Title IX and similar laws and that Perez's pursuit of educational opportunities at KIPP DC was materially hampered. [ECF 1-6] at ¶¶ 24, 133, 136, 154.

**ANSWER:** **MBIC admits that Shanique Perez filed the First Amended Complaint on or around July 31, 2024 and that the remaining allegations in paragraph 16 purport to paraphrase and/or characterize this pleading, which speaks for itself. MBIC denies any allegations in paragraph 16 which inaccurately or incompletely paraphrase and/or characterize First Amended Complaint in the 2021 Lawsuit.**

17. By letter dated August 8, 2024, MBIC advised KIPP DC that coverage under the Policy was no longer available and that it would withdraw its defense after August 30, 2024.

**ANSWER:** **MBIC admits that it issued a letter dated August 8, 2024 to KIPP DC, which speaks for itself, and that paragraph 17 purports to paraphrase and/or characterize the August 8, 2024 letter. MBIC denies all allegations in paragraph 17 which inaccurately or incompletely paraphrase and/or characterize the August 8, 2024 letter.**

18. There is no provision in the Policy permitting MBIC to unilaterally withdraw its defense of a covered claim after entry of a non-final, interlocutory order.

**ANSWER:** **MBIC admits that paragraph 18 purports to paraphrase and/or characterize the Primary Policy, which speaks for itself. MBIC denies all allegations in paragraph 18 which inaccurately or incompletely paraphrase and/or characterize the Primary Policy.**

19. MBIC's defense obligations to KIPP DC have not been determined.

**ANSWER:** **MBIC denies the allegations in paragraph 19.**

## COUNT I – DECLARATORY JUDGMENT

20. KIPP DC incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

**ANSWER:** **MBIC hereby incorporates and restates its answer to each paragraph above as though fully set forth herein.**

21. An actual and justiciable controversy exists between KIPP DC and MBIC regarding MBIC's obligation to continue defending KIPP DC against Perez's Claims.

**ANSWER:** **Paragraph 21 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC admits the allegations in paragraph 21.**

22. Under the Policy and applicable law, MBIC has a duty to continue defending KIPP DC as long as there is a factual or legal basis on which MBIC may eventually be obligated to indemnify KIPP DC.

**ANSWER:** **Paragraph 22 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC denies the allegations in paragraph 22.**

## COUNT II – BREACH OF CONTRACT

23. KIPP DC incorporates and re-alleges all preceding paragraphs as if fully set forth herein.

**ANSWER:** **MBIC hereby incorporates and restates its answer to each paragraph above as though fully set forth herein.**

24. The Policy constitutes a valid contract under which KIPP DC is an insured.

**ANSWER:** **Paragraph 24 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC admits the allegations in paragraph 24.**

25. At all relevant times, KIPP DC complied with all material conditions and reasonable requirements placed upon it under the Policy, including payment of premiums.

**ANSWER:** **Paragraph 25 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25.**

26. MBIC breached the Policy by withdrawing its defense of covered claims prior to final resolution of those claims.

**ANSWER:** **Paragraph 26 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC denies the allegations in paragraph 26.**

27. MBIC breached the Policy by withdrawing its defense prior to a determination that it had no further defense obligation.

**ANSWER:** **Paragraph 27 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC denies the allegations in paragraph 27.**

28. MBIC breached its duty to defend because the First Amended Complaint includes allegations that fall within the Policy's coverage.

**ANSWER:** **Paragraph 28 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC denies the allegations in paragraph 28.**

29. As a direct and proximate cause of MBIC's breach, KIPP DC has been damaged.

**ANSWER:** Paragraph 29 sets forth legal conclusions to which no response is required. To the extent that a response is required, MBIC denies the allegations in paragraph 29.

## PRAYER FOR RELIEF

WHEREFORE, KIPP DC prays that this Court declare that MBIC has an obligation to continue defending KIPP DC in the underlying lawsuit until final resolution of all covered claims. KIPP DC further prays for judgment awarding it the unreimbursed costs of its defense in the underlying lawsuit after August 30, 2024, for any other amounts due under the Policy, and for such other relief as the Court deems just and proper.

**ANSWER:** The unnumbered prayer for relief on page 16 of the Answer consists of a prayer for relief to which no response is required. MBIC denies that KIPP DC is entitled to any relief whatsoever and respectfully requests that the Court enter judgment in favor of MBIC and award its attorneys' fees and costs and any other appropriate relief.

## AFFIRMATIVE DEFENSES

MBIC hereby sets forth its separate, distinct, and alternative Affirmative Defenses to the Counterclaim. By listing any matter as an Affirmative Defense, MBIC does not assume the burden of proving any matter upon which KIPP DC bears the burden of proof under the applicable law.

## FIRST AFFIRMATIVE DEFENSE

MBIC denies each and every allegation, matter, statement, and thing contained in the Counterclaim and each and every portion thereof except as herein expressly admitted or otherwise stated.

## SECOND AFFIRMATIVE DEFENSE

The Counterclaim, and each cause of action alleged therein, fail to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim fails to state a claim for declaratory judgment, or breach of contract, because MBIC complied with all of its obligations under the Primary Policy and the Excess and Umbrella Policy.

### FOURTH AFFIRMATIVE DEFENSE

KIPP DC is not entitled to a declaratory judgment against MBIC as the relief requested in the Counterclaim is not within a scope of coverage afforded by the Primary Policy and the Excess and Umbrella Policy and/or is excluded from coverage under the Primary Policy and the Excess and Umbrella Policy.

### FIFTH AFFIRMATIVE DEFENSE

The Counterclaim may be barred, in whole or in part, by applicable statute(s) of limitations, the doctrines of res judicata, waiver, estoppel, laches, and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

MBIC incorporates by reference the allegations and causes of action asserted in its Complaint for Declaratory Judgment as affirmative defenses to the Counterclaim.

### **RESERVATION OF RIGHTS**

The Primary Policy and the Excess and Umbrella Policy contain terms, conditions, and exclusions that may be relevant to the 2021 Lawsuit and the Counterclaim but that are not currently implicated by this declaratory judgment action. Nothing in this answer should be construed as a waiver by MBIC of any coverage defenses at law, in equity, or under the Primary Policy and the Excess and Umbrella Policy. MBIC continues to reserve all rights with respect to any claim for coverage made under the Primary Policy and the Excess and Umbrella Policy where appropriate, and waives none. MBIC continues to reserve the right to raise all other terms, conditions, and

exclusions as defenses to coverage for any claim made under the Primary Policy and the Excess and Umbrella Policy where appropriate.

DATED: February 7, 2025

Respectfully submitted,

By: /s/ *Milad Emam*
David F. Cutter (*Pro Hac Vice forthcoming*)
Milad Emam (DC Bar No. 1014018)
BATESCAREY LLP
191 North Wacker, Suite 2400
Chicago, IL 60606
Ph.: 312-762-3100
Fax: 312-762-3200
Email: dcutter@batescarey.com;
memam@batescarey.com

*Attorneys for Plaintiff Massachusetts Bay Insurance Company*

8574236

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 7, 2025, I electronically filed the foregoing pleading with the Clerk of the Court using the Court's CM/ECF system.

By: /s/ *Milad Emam*
Milad Emam

*Attorney for Plaintiff Massachusetts Bay Insurance Company*