IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MASSACHUSETTS BAY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:24-cv-03135-ACR |
| v. | ) ) ) | |
| KIPP DC SUPPORTING CORP. d/b/a KIPP DC–SHAW QALICB, INC., d/b/a KIPP DC–DOUGLAS QALICB, *et al.* | ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**KIPP DC'S RESPONSE TO MASSACHUSETTS BAY'S
NOTICE OF INTENT TO FILE DISPOSITIVE MOTION**

Defendants KIPP DC Public Charter Schools and KIPP DC Supporting Corporation (collectively, "KIPP DC"),[1] through undersigned counsel, hereby respond to Plaintiff Massachusetts Bay Insurance Company's ("MBIC") Notice of Intent to File Dispositive Motion (ECF 22), and set forth their anticipated responses to the proposed motion, as follows:

**I. The Court may issue judgment on the pleadings under Rule 12(c) on the issue of MBIC's duty to defend, but not on the duty to indemnify.**

KIPP DC does not contest MBIC's assertion that whether MBIC has a continuing duty to defend is an issue of law to be decided by comparing the allegations in the operative complaint with the coverage provided under the applicable policies, and therefore that the Court may enter a judgment on the pleadings under Federal Rule of Civil Procedure 12(c) as to that issue. However, KIPP DC disagrees that the Court can decide MBIC's duty to indemnify because "the duty to pay

---

[1] MBIC filed its Complaint against the same KIPP DC entities named as defendants in the underlying lawsuit, no. 1:21-cv-00929 (RC). The proper party defendant in the underlying lawsuit is KIPP DC Public Charter Schools; it is also the proper party defendant here.

depends upon the ultimate liability of the insured determined upon proven facts[.]" *Salus Corp. v. Continental Cas. Co*., 478 A. 2d 1067, 1071 (D.C. 1984); *Security Title Guar. Corp. v. 915 Decatur St. NW, LLC*, No. CV 18-1128, 2024 WL 3202224, at *3 (D.D.C. June 27, 2024).

**II.     MBIC has a continuing duty to defend KIPP DC.**

An insurer's duty to defend applies to all claims the insurer may "eventually become[ ] liable to pay" the insured. *Sachs v. St. Paul Fire & Marine Ins. Co.*, 303 F. Supp. 1339, 1341 (D.D.C 1969). An insurer must "establish *as a matter of law* that there is no possibility of coverage" to negate its broad defense obligation. *Abex Corp. v. Md. Cas. Co*., 790 F.2d 119, 122 (D.C. Cir. 1986) (emphasis in original). All doubts regarding the defense duty "must be resolved in favor of the insured." *Stevens v. United Gen. Title Ins. Co*., 801 A.2d 61, 67 (D.C. 2002).

KIPP DC will show that MBIC is not entitled to a declaration that it has no defense or indemnification duties for the following reasons: (1) because the dismissal order MBIC relies upon is a non-final, interlocutory order, MBIC cannot show as a matter of law that there is no possibility it could owe indemnity to KIPP DC; (2) the insurance policy drafted by MBIC does not include a provision permitting it to withdraw its defense of a covered claim prior to final resolution; and (3) the underlying plaintiff's operative complaint continues to allege KIPP DC violated Title IX and similar laws.

Date:  June 17, 2025                                            Respectfully submitted,

/s/ *Kate Margolis*
Kate Margolis, MS Bar No. 99625 (*pro hac vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
188 East Capitol Street, Suite 1000
Jackson, MS 39201
(601) 592-9930
kmargolis@bradley.com

                         Erin K. Sullivan, D.C. Bar No. 984712
                         BRADLEY ARANT BOULT CUMMINGS LLP
                         1900 K Street NW, Suite 800
                         Washington, DC 20006
                         (202) 719-8208
                         esullivan@bradley.com

*Counsel for KIPP DC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all registered parties.

*/s/ Kate Margolis*
*Counsel for KIPP DC*